IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MUSTAFA-EL K.A. AJALA,
formerly known as Dennis E. Jones-El,

              ORDER

        Plaintiff,

              13-cv-545-bbc

    v.

RICK RAEMISH, PETER HUIBREGTSE,
GARY BOUGHTON, AMY SMITH,
STEVE CASPERSON and CATHY JESS,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se prisoner Mustafa-El K.A. Ajala is proceeding on claims that various prison officials are violating his rights under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1, by prohibiting prisoners in segregation from participating in group worship and prohibiting all prisoners from leading a religious service. In an order dated December 22, 2014, dkt. #33, I reached three tentative conclusions after reviewing the parties' materials supporting and opposing defendants' motion for summary judgment: (1) plaintiff is entitled to judgment on his claim that defendants are violating RLUIPA by imposing a blanket ban on all prisoners in segregation from participating in group worship; (2) plaintiff's relief in this case should be limited to a declaration and injunction that defendants must consider the individual circumstances of prisoners in segregation such as plaintiff who request to participate in group worship; and (3) plaintiff's challenge to the ban

1

on prisoner-led religious services should be dismissed as unripe. However, because plaintiff did not file his own motion for summary judgment and the parties did not address the issue of ripeness, I gave the parties an opportunity to file supplemental materials before reaching a final decision.

Both sides have responded with new, thorough briefs and new evidentiary submissions. (Plaintiff filed two motions for extensions of time to file his supplemental materials that I have addressed in a separate order.) Defendants in particular have responded forcefully to many of the court's concerns. Among other things, defendants argue that it is unnecessary to consider plaintiff's individual circumstances because officials already did this when they placed plaintiff in administrative confinement and each time thereafter when they considered whether he should be released. In the alternative, defendants argue that plaintiff's past and current gang activity show that prohibiting him from participating in group worship is the least restrictive means of furthering their interests in prison safety and security.

In light of the parties' significant new filings, I conclude that is appropriate to treat the parties' responses to the December 22, 2014 order as cross motions for summary judgment. Accordingly, I am denying defendants' first motion for summary judgment as moot and I will give the parties an opportunity to file opposition materials to the other side's new briefs and evidentiary submissions. Because both sides have notice of the other side's arguments, no reply materials will be necessary.

A second issue before the court is which defendants are proper parties. In the December 22 order, I granted defendants' motion to dismiss the complaint with respect to

several officials on the ground that plaintiff did not show that they had authority to grant him any injunctive relief. (It is undisputed that plaintiff is not entitled to money damages under RLUIPA. Vinning-El v. Evans, 657 F.3d 591, 592 (7th Cir. 2011).) In addition, I directed plaintiff to show cause why Rick Raemisch, Peter Huibregtse, Steve Casperson and Amy Smith should not be dismissed from the case on the same grounds.

In response, plaintiff did not object to the dismissal of Raemisch, Huibregtse, Casperson or Smith. However, he filed a motion to reconsider the dismissal of Kelli West. Dkt. #37. In his motion, he says that "West is behind the end of Al-Jumuah at WSPF," but the memorandum he cites in support of that statement is from someone named Vicki Sebastian, not West. Dkt. #28-1. Presumably, plaintiff believes that West is responsible because she is the chair of the Religious Practices Advisory Committee, West Aff. ¶ 3, dkt. #20, and the memorandum states that the committee "was consulted" with respect to the decision whether to continue to hold Jumuah services. However, the fact that the decision makers may have relied on the committee's expertise does not mean that the committee has authority to change the policies and practices observed at the prison. Further, defendants represent in their opposition brief that there is no reason to keep West in the lawsuit because defendants Gary Boughton (the warden) and Cathy Jess (Administrator for the Division of Adult Institutions) "encompass the full force and authority of both DOC's Division of Adult Institutions and WSPF. Naming another DOC employee with less authority than the DAI Administrator and WSPF Warden is certainly redundant and adds nothing [to] the remaining claim for injunctive relief." Dfts.' Br., dkt. #38, at 3. Although plaintiff had an opportunity

to file a reply brief, he did not challenge defendants' argument. Accordingly, I decline to reinstate West and I am dismissing the complaint as to Raemisch, Huibregtse, Casperson and Smith.

A third issue before the court is a document plaintiff filed that he calls "motion for injunction, enjoining defendants to release him from segregation." Dkt. #51. I am denying this motion for the obvious reason that the scope of this case does not include the issue of the lawfulness of plaintiff's confinement in segregation. Even if I were to construe plaintiff's motion as one for leave to amend his complaint, I would deny it on the ground that the case has proceeded much too far to permit plaintiff to raise new issues now. If plaintiff believes that prison officials are violating his constitutional rights by refusing to release him to general population, he will have to file a new lawsuit raising that issue.

ORDER

IT IS ORDERED that

1. The parties may have until March 30, 2015, to file responses to the other side's renewed motions for summary judgment. Dkt. ##45 and 52.

2. The motion filed by plaintiff Mustafa-El K.A. Ajala, formerly known as Dennis Jones-El, to reconsider the dismissal of Kelli West, dkt. #37, is DENIED. Plaintiff's complaint is DISMISSED as to defendants Rick Raemisch, Peter Huibregtse, Steve Casperson and Amy Smith.

3. Plaintiff's "motion for injunction, enjoining defendants to release him from

segregation," dkt. #51, is DENIED.

Entered this 3d day of March, 2015.

>BY THE COURT:
>/s/
>BARBARA B. CRABB
>District Judge